UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| D.S., a minor, by his mother, D.L., for himself and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MINNEAPOLIS PUBLIC SCHOOL DISTRICT NO. 1., sued as Minneapolis Public Schools, Special School District No. 1, and DONALD H. HANSON,<br><br>Defendants. | Civil No. 02-908 (JEL/JGL)<br><br><br>ORDER |

APPEARANCES

Marshall Tanick, Esq., and Phillip Trobaugh, Esq., for Plaintiff

Nell Mathews, Esq., and Kimberly Ross, Esq., for Defendant

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on December 10, 2002 on Plaintiff's Motion to Compel Defendant to Furnish Names of All Students Who Were Bus Riders on Buses Driven by Defendant Donald H. Hanson (Doc. No. 13) and Defendant's Motion to Compel Production of Discovery (Doc. No. 17). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.



This case arises from the alleged assault, molestation, and harassment of Plaintiff D.S. by Defendant Donald Hanson, who was a school bus driver for the Defendant School District for approximately eight years. Earlier this year, he was arrested and charged with molesting several elementary schoolchildren who rode Hanson's bus to school. The criminal proceedings against Hanson are currently pending in Hennepin County District Court, and the case is scheduled for trial in January 2003. D.S., through his mother, D.L., has brought this case as a class action under Federal Rule of Civil Procedure 23.

**Plaintiff's Motion to Compel Defendant to Furnish Names of All Students Who Were Bus Riders on Buses Driven by Defendant Donald H. Hanson**

In D.S.'s motion, D.S. seeks to discover the identities of other schoolchildren who rode buses driven by Hanson. D.S. wants the information to determine whether there are a sufficient number of class members to warrant a class action under the numerosity requirement of Rule 23. In addition, D.S. believes other schoolchildren may have been witnesses to the alleged abuse. The School District objects to providing the discovery on several grounds: the Minnesota Government Data Practices Act and the federal Family Educational Rights and Privacy Act preclude disclosure without a court order; the ten-year time period specified by D.S. is overly broad; the corresponding

document requests are vague and ambiguous; and there is no protective order in place.

The Court finds that D.S. is entitled to discover the names and addresses of students who were bus riders on buses driven by Hanson for the time period from 1996 to present. The School District must also provide the names of the students' parents or legal guardians. Contact to potential class members shall be limited to a letter identical in format to the letter submitted to the Court at the hearing, except that the phrase "over the last few years" will be substituted for the phrase "over the last couple of years." The letter will be addressed to the child's parent or guardian, and no further contact is permitted if the child's parent or guardian does not respond to the letter. In addition, D.S. is entitled to documents from the District reflecting abuse or maltreatment of students by Hanson, or complaints by students about Hanson, for the same time period. The documents are to be produced under the terms of the protective order agreed to by the parties after the hearing on December 10, 2002.

D.S.'s request for attorney's fees and costs is denied.

## Defendant School District's Motion to Compel Production of Discovery

The School District seeks several categories of information from D.S., who generally is willing to provide responsive information to the District but not before a protective order is in place. The parties have agreed to a

confidentiality agreement, and therefore, this aspect of the School District's motion is granted. D.S. did object to providing a copy of the retainer agreement in this case; however, the parties agreed at the hearing that the information would be provided only after a class is certified.

The School District's request for attorney's fees and costs is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Motion to Compel Defendant to Furnish Names of All Students Who Were Bus Riders on Buses Driven by Defendant Donald H. Hanson (Doc. No. 13) is **GRANTED** as set forth in the body of this Order; and

(2) Defendant's Motion to Compel Production of Discovery (Doc. No. 17) is **GRANTED** as set forth in the body of this Order.

Dated: December 12, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge